**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TONDELAYA M. TAYLOR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:21CV1241 HEA** |
| | ) | |
| **KILOLO KIJAKAZI,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter has been filed for judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's applications for disability insurance benefits under Title II of the Social Security Act (SSA), 42 U.S.C. §§ 401-434, and supplemental security income under Title XVI, 42 U.S.C. §§ 1381-85. The filings and the administrative record as a whole, which includes the hearing transcript and medical evidence has been fully reviewed by the Court. The decision of the Commissioner will be affirmed.

## Background

Plaintiff applied for disability insurance benefits on May 10, 2019 and for supplemental security income on August 8, 2019 . A hearing was held on July 13, 2020, in front of an Administrative Law Judge (ALJ) via telephone due to the Coronavirus Disease 2019 Pandemic. In an opinion issued on September 22, 2020, the ALJ determined that Plaintiff was not under a disability at any time from her alleged onset date of March 1, 2017. The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. In his decision, the ALJ found Plaintiff had the severe impairments of degenerative joint disease in the right shoulder (20 CFR 404.1520(c) and 416.920(c)). The ALJ noted Plaintiff's non-severe impairments, including essential hypertension, hyperlipidemia, and type II diabetes mellitus. However, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). While the ALJ found none of Plaintiff's impairments met or medically equaled a listed impairment, the ALJ did find some limitations. Specifically, the ALJ found Plaintiff retained the residual functional capacity ("RFC") to perform

medium work as defined in 20 CFR 404.1567(c) and 416.967(c) with the following additional limitations: She can never climb ladders, ropes or scaffolds. She can occasionally overhead reach using the upper extremity. She should avoid unprotected heights. She should avoid concentrated exposure to hazardous machinery.

Based on vocational expert testimony, the ALJ found Plaintiff could perform her past relevant work as a laundry operator and checkroom attendant, which does not require the performance of work-related activities precluded by Plaintiff's RFC. The ALJ also found other jobs in the national economy that were not precluded by Plaintiff's RFC.

Plaintiff filed a timely Request for Review of Hearing Decision, and the Appeals Council denied the request for review. Plaintiff has exhausted all administrative remedies. The decision of the ALJ stands as the final decision of the Commissioner.

## **Hearing Testimony**

Plaintiff testified that at the time of the hearing she was 62 years old.  She attended school up to the eleventh grade and did not receive her GED.  She lives with her sister.  Before the COVID-19 pandemic, she frequently drove to the store, clinic, and other places. Plaintiff babysits her two-year old great grandson 5 days per week, eighth hours per day.  She described him as "busy." She testified she is

able to pick him up but does not carry him around since he is able to walk. Plaintiff's grandson weighs between 20-25 pounds.

Plaintiff testified that her right shoulder hurts all the time and sometimes she can barely lift anything.  The medication she takes to help the pain makes her sleepy.  Because of her diabetes, her feet burn and hurt.  She thinks she can stand 30 minutes to an hour. She estimated that she can walk 20-30 minutes.

During the day, Plaintiff straightens up the house, babysits and sometimes goes to the store.

A Vocational Expert testified, consistent with the Dictionary of Occupational Titles, that an individual with limitations matching the ALJ's RFC finding could perform Plaintiff's past relevant work as a laundry worker and check room attendant.

## **Legal Standard**

To be eligible for benefits under the Social Security Act, Plaintiff must prove that [s]he is disabled. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Secretary of Health & Human Servs.,* 955 F.2d 552, 555 (8th Cir. 1992). The Social Security Act defines disability as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual will be declared disabled "only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner engages in a five-step evaluation process to determine whether a claimant is disabled. *See* 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). At Step One, the ALJ determines whether the claimant is currently engaged in substantial gainful activity. At Step Two, the ALJ considers whether the claimant has a "severe" impairment or combination of impairments. At Step Three, the ALJ determines whether the severe impairment(s) meets or medically equals the severity of a listed impairment; if so, the claimant is determined to be disabled, and if not, the ALJ's analysis proceeds to Step Four. At Step Four of the process, the ALJ must assess the claimant's residual functional capacity – that is, the most the claimant is able to do despite her physical and mental limitations, *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011) – and

determine whether the claimant is able to perform any past relevant work. *Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (RFC assessment occurs at the fourth step of process).

The claimant bears the burden through Step Four of the analysis. If [s]he meets this burden and shows that [s]he is unable to perform [her] past relevant work, the burden shifts to the Commissioner at Step Five to produce evidence demonstrating that the claimant has the RFC to perform other jobs in the national economy that exist in significant numbers and are consistent with [her] impairments and vocational factors such as age, education, and work experience. *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012).

The Court must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010). Substantial evidence is less than a preponderance but enough that a reasonable person would find it adequate to support the conclusion. *Jones*, 619 F.3d at 968. Additionally, the Court must consider evidence that supports the Commissioner's decision as well as any evidence that fairly detracts from the decision. *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016). If, after reviewing

the entire record, it is possible to draw two inconsistent positions and the Commissioner has adopted one of those positions, the Court must affirm the Commissioner's decision; the Court may not reverse the Commissioner's decision merely because substantial evidence could also support a contrary outcome. *Id; see also Fentress v. Berryhill*, 854 F.3d 1016, 1021 (8th Cir. 2017).

**Residual Functional Capacity (RFC)**

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations.  *See* 20 C.F.R. § 404.1545.  An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p.

## Decision of the ALJ

At Step One of the decision the ALJ found that Plaintiff has not engaged in substantial gainful activity since March 1, 2017, the alleged onset date. At Step Two, the ALJ found that Plaintiff had the severe impairment of degenerative joint disease in the right shoulder.  The ALJ noted Plaintiff's non-severe impairments, including diabetes mellitus, hypertension, and hyperlipidemia  However, the ALJ

found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, so the ALJ's analysis proceeded to Step Four. While the ALJ found none of Plaintiff's impairments met or medically equaled a listed impairment, the ALJ did find some limitations. Specifically, the ALJ found Plaintiff retained the RFC to perform medium work, as defined in 20 C.F.R. § 404.1565 and 416.965, with the limitations stated above.

At Step Four, the ALJ found Plaintiff could perform her past relevant work as a laundry operator and check room attendant, which does not require the performance of work-related activities precluded by Plaintiff's RFC (20 C.F.R. § 404.1565 and 416.965). Therefore, the ALJ found Plaintiff not disabled and continuing to Step Five was not necessary.

## Statement of the Issues

Generally, the issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole. The issue here is whether the ALJ properly evaluated Plaintiff's treatment provider evidence.

## Discussion

The ALJ carefully detailed his findings through his discussion of Plaintiff's impairments. As described above, this Court's role is to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Richardson*, 402 U.S. at 401; *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002). So long as there is substantial evidence in the record that supports the decision, this Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).

### Did ALJ Properly Evaluate the Medical Opinion Evidence in Plaintiff's RFC Limitations?

Plaintiff argues that the RFC finding did not include the limitations supported by the treatment provider evidence of Shearita Sandoval, ANP-BC. ANP Sandoval completed a treating source statement on August 4, 2020. In her statement, ANP Sandoval noted that she treated Plaintiff since September 13, 2018, approximately every 3 to 4 months. She determined Plaintiff would likely be

off task 25 percent of the workday and would likely be absent more than 4 times per month. She also opined the following limitations:

> never lift/carry less than 10 pounds; sit/stand/walk for less than one hour in a workday; never reach, handle, finger, feel, push, or pull with right arm/hand; never use foot controls bilaterally; never climb stairs /ramps / ladders/ scaffolds, balance, stoop, kneel, crouch, or crawl; frequently rotate head and neck; and never be exposed to unprotected heights, moving mechanical parts, humidity/wetness, pulmonary irritants, extreme cold/eat, vibrations, and working outside.

In his decision, the ALJ discussed ANP Sandoval's restrictions and opinion as it related to the documentary medical evidence and Plaintiff's own assessment of her limitations.  Plaintiff testified she babysat her grandson and was able to lift him. She also testified she is able to drive, straighten the house and stand for 30 minutes to an hour and walk 20 to 30 minutes.  She did not state she needed an assistive device. Indeed, although ANP Sandoval stated that Plaintiff was a fall risk, she also opined Plaintiff did not need any assistive devices. ANP Sandoval opined that Plaintiff was limited because of painful neuropathy in  her hands and feet.  Plaintiff did not complain of any neuropathy in her hands, nor is there any medical evidence of pain in Plaintiff's hands.  The ALJ noted that while Plaintiff did complain of right shoulder pain, and there is some medical evidence of limited

range of motion, the treatment thereof was conservative, which tremendously

detracts the limitations placed by ANP Sandoval.

Plaintiff's medical record reveals Plaintiff did not have ongoing treatment

specific to her right shoulder pain after the December 27, 2018 x-ray which

showed degenerative changes of the acromioclavicular joint and minimal spur of

the lateral aspect of the acromion with no associated impingement.

The ALJ thoroughly assessed all of the evidence in the record. The

conclusion that ANP Sandoval's opinions were not supported by the record is

based on the record as a whole and is not an exercise of the ALJ acting outside of

his role.

"The Commissioner must determine a claimant's RFC based on all of the

relevant evidence, including the medical records, observations of treating

physicians and others, and an individual's own description of [her] limitations."

*Hensley v. Colvin*, 829 F.3d 926, 931-32 (8th Cir. 2016) (citation omitted).

"'Because a claimant's RFC is a medical question, an ALJ's assessment of it must

be supported by some medical evidence of the claimant's ability to function in the

workplace.' However, there is no requirement that an RFC finding be supported by

a specific medical opinion." *Id.* at 932 (citation omitted). "[I]n evaluating a

claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner." *Cox v. Astrue*, 495 F.3d 614, 619-20 (8th Cir. 2007) (citation omitted).

When evaluating medical opinion evidence, the ALJ will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinions, including those from Plaintiff's medical sources. *See* 20 C.F.R. § 404.1520c(a). The regulation requires the ALJ to evaluate the persuasiveness of medical opinions, and the most important factors the ALJ considers are supportability and consistency. *See* 20 C.F.R. § 404.1520c(b).

The ALJ discussed the overall medical record at length, including the documented tests, treatment notes, and Plaintiff's continued treatment.  ANP Sandoval's limitations are beyond what the record reveals. After this discussion, the ALJ thoroughly explained his considerations of the medical opinion.  The ALJ provided legitimate reasons for discounting ANP Sandoval's opinion and complied with the regulation by documenting consideration of both of the mandatory factors of supportability and consistency for each of the opinions Plaintiff places at issue.

See *Wildman,* 596 F.3d at 969 (ALJ did not err by declining to include in RFC limitations based on claimant's allegations that he found not credible, or limitations from opinions he properly disregarded); *See also, Anderson v. Astrue,* 696 F.3d 790, 793 (8th Cir. 2012) ("[A]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions.").

The ALJ properly evaluated the medical opinion evidence at issue when considering the record as a whole. In explaining his findings, the ALJ need only "minimally articulate reasons for crediting or rejecting evidence of disability." *Strongson v. Barnhart,* 361 F.3d at 1070 (citing *Ingram v. Chater*, 107 F.3d 598, 601 (8th Cir. 1997).

## Conclusion

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. *Perkins v. Astrue,* 648 F.3d 892, 900 (8th Cir. 2011). As long as substantial evidence in the record supports the ALJ's decision, the Court may not reverse it because substantial evidence may also exist

to support a contrary outcome. See *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015)

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED.**

A separate judgment shall be entered incorporating this Memorandum and Order.

Dated this 16th day of December, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE